**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NATHAN OKPOTI,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:15-cv-00110-APG-CWH

**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; (2) GRANTING MOTION FOR RULE 56(D) CONTINUANCE; AND (3) DENYING MOTION TO AMEND**

(Dkt. #32, #38, #39)

Plaintiff Nathan Okpoti filed this lawsuit against defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer John Brandon, and the City of Las Vegas. Okpoti alleges that he suffered a stroke while driving and that Officer Brandon pulled him over and then arrested him on suspicion of driving under the influence. He asserts claims under 42 U.S.C. § 1983 for unreasonable seizure and failure to adequately train or supervise. He also brings a state law claim for false arrest/imprisonment.

Defendants LVMPD and Officer Brandon move to dismiss the § 1983 claim against Officer Brandon in his official capacity as duplicative of the claim against LVMPD. Additionally, LVMPD moves to dismiss the false arrest/imprisonment claim because Okpoti did not timely notify LVMPD of his claim as required by Nevada law. Okpoti responds that the statutory time period for notice should be extended because he was suffering cognitive impairments from his stroke. He moves for leave to amend to add allegations in this regard if necessary. He also moves for a continuance under Federal Rule of Civil Procedure 56(d) to conduct discovery on the severity of his medical condition and whether that supports a different accrual date.

I grant the motion to dismiss in part. I dismiss the § 1983 claim against Officer Brandon in his official capacity as redundant of the claim against LVMPD. Officer Brandon remains a

defendant in his individual capacity. I deny without prejudice the motion to dismiss the false arrest/imprisonment claim because I grant Okpoti's request to conduct additional discovery on whether his mental condition would support a later accrual date. I deny Okpoti's motion to amend as moot.

**I. BACKGROUND**

Okpoti alleges that on January 24, 2013, he suffered a stroke while driving his car. (Dkt. #28 at 2.) Officer Brandon stopped Okpoti for suspicion of driving under the influence. (*Id.*) Okpoti denied drinking, and he told Officer Brandon that his head hurt and his legs were weak. (*Id.* at 3.) Officer Brandon observed Okpoti's eyes were watery and glassy, his speech was incoherent, he was confused about where he was and what date it was, and he failed the field sobriety tests. (*Id.*) Officer Brandon arrested Okpoti and transported him to the City of Las Vegas Detention Center ("LVDC"). (*Id.* at 4.)

Once at LVDC, Okpoti was unable to answer questions coherently or dress himself in LVDC's orange jumpsuit. (*Id.*) Okpoti contends that he was placed in a cell with another inmate who complained that Okpoti was making noises as if something was wrong but the City of Las Vegas did not investigate. (*Id.*) Okpoti alleges that he was held at LVDC from January 24 to January 29, 2013. (*Id.*)

Okpoti further alleges that after he was released, he contacted friends and family to get them to bring him food. (*Id.*) He contends that a friend brought him food and observed that the left side of Okpoti's body was slack and that Okpoti was confused and incoherent. (*Id.* at 5.) The friend then contacted Okpoti's mother, who believed Okpoti was suffering from stroke symptoms. (*Id.* at 5.) According to Okpoti, his mother took him to a hospital, where the admitting personnel were "shocked that no one during Plaintiff's experience with Defendant LVMPD noticed Plaintiff's serious medical condition." (*Id.*)

Okpoti asserts three claims based on these allegations. First, he alleges a claim under 42 U.S.C. § 1983 based on the allegation that the defendants unlawfully arrested Okpoti without probable cause and failed to provide him with a medical screening. (*Id.* at 5-6.) Second, he

alleges a § 1983 claim against LVMPD and the City of Las Vegas for failure to adequately train or supervise their employees to recognize individuals in need of medical attention. (*Id.* at 7-8.) Finally, he alleges a state law claim for false arrest/imprisonment. (*Id.* at 9.)

LVMPD and Officer Brandon move to dismiss the § 1983 claim against Officer Brandon in his official capacity because it is duplicative of the claim against LVMPD. They also move to dismiss the state law false arrest/imprisonment claim against LVMPD because Okpoti did not notify LVMPD of his claim within two years of this claim accruing, as required under Nevada Revised Statutes § 41.036(2). LVMPD argues that the first notice it received was when Okpoti served the original complaint on January 30, 2015, more than two years after the incident in question.

Okpoti responds that even if he did not timely notify LVMPD, only the third claim against LVMPD should be dismissed, and his § 1983 claims, as well as his state law false arrest claim against Officer Brandon, should not be dismissed. Okpoti also argues that he complied with the statute by filing his original complaint within two years, even if he did not serve it on LVMPD until more than two years had passed. Okpoti contends that because his claim would not be barred if brought against any other defendant, it would violate equal protection to require him to serve LVMPD within two years even if he timely filed his complaint within two years. Alternatively, Okpoti argues that under the discovery rule, his claim accrued later than January 30, 2013 because he was suffering from a medical condition which affected his cognitive abilities so he could not fully appreciate his injuries until he was medically treated. Okpoti requests leave to amend and moves under Rule 56(d) for a continuance to conduct discovery on his medical condition. As for the official capacity claims against Officer Brandon, Okpoti argues that Officer Brandon is a necessary party to the action and should remain in both his official and personal capacities.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Although styled as a motion to dismiss, the defendants attached an affidavit to their motion to support their contention that January 30, 2015 was the first notice they received of Okpoti's claim. (Dkt. #32 at 10-11.) I therefore treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Rule 56(d), if a nonmovant shows that it cannot present facts essential to justify its opposition, I may: (1) deny the motion or defer considering it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. The party seeking

the continuance "bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." *Harris v. Duty Free Shoppers Ltd. P'ship*, 940 F.2d 1272, 1276 (9th Cir. 1991).

### A. Official Capacity Claims

"An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). I therefore dismiss the § 1983 claim against Officer Brandon in his official capacity as redundant of the claim against LVMPD. *Id.*

### B. False Arrest/Imprisonment Claim

Pursuant to Nevada Revised Statutes § 41.036(2), "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." Generally, a "cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). However, the Supreme Court of Nevada recognizes the "discovery rule," under which a claim does not accrue "until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.*; *Siragusa v. Brown*, 971 P.2d 801, 806-07 (Nev. 1998). When the injured party discovered or reasonably should have discovered facts supporting a claim is a question of fact. *Id.* at 806.

Additionally, under Nevada Revised Statutes § 11.250, if a person entitled to bring an action is "insane" at the time the cause of action accrued, "the time of such disability shall not be a part of the time limited for the commencement of the action." In dicta, the Supreme Court of Nevada favorably cited an opinion from this court construing the term "insane" in § 11.250 "to include a mental disability resulting in the inability to manage one's affairs." *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1062 n.23 (Nev. 2007) (quoting *Smith By & Through Smith v. City of Reno*, 580 F. Supp. 591, 592 (D. Nev. 1984)).

1  According to Okpoti's allegations, he was arrested on January 24 and released on January
2  29, 2013.  Under the statute, he had to file a claim with LVMPD on or before January 29, 2015.
3  Okpoti filed the original complaint on January 20, 2015 but did not serve it on LVMPD until
4  January 30, 2015. (Dkt. #1; Dkt. #32 at 11.)  Okpoti does not dispute that January 30, 2015 was
5  the first notice he gave LVMPD of his claim.

6  Assuming for purposes of this motion that filing the complaint within two years was
7  insufficient, I nevertheless deny the motion to dismiss.  Okpoti alleges in his second amended
8  complaint that he suffered a stroke and was experiencing cognitive disabilities.  Okpoti alleges he
9  had trouble opening the car door and was stumbling, he was incoherent and confused, he did not
10 know what street he was on or what date it was, he was unable to answer questions coherently
11 when he arrived at LVDC, and he could not dress himself. (Dkt. #28 at 3-4.)  He further alleges
12 that when released he had trouble finding his way home and had difficulty feeding himself. (*Id.* at
13 4-5.)

14 Accepting these allegations as true, there is a basis to conclude that Okpoti either was
15 mentally incapable of discovering facts supporting his cause of action or he had a mental
16 disability rendering him incapable of managing his affairs until a date later than January 30, 2013.
17 I therefore grant Okpoti's request to conduct discovery on when his claim accrued or whether, as
18 defined under § 11.250, he was "insane" at the time his claim accrued such that his January 30,
19 2015 notice was timely.  Accordingly, I deny the defendants' motion to dismiss on this basis,
20 without prejudice to renew.  I deny Okpoti's motion to amend because the second amended
21 complaint adequately alleges facts suggesting insanity or later discovery.

22 **III. CONCLUSION**

23 IT IS THEREFORE ORDERED that defendants Las Vegas Metropolitan Police
24 Department and Officer John Brandon's motion to dismiss **(Dkt. #32) is GRANTED in part and**
25 **DENIED in part**.  I dismiss the 42 U.S.C. § 1983 claim against Officer Brandon in his official
26 capacity as redundant.  Officer Brandon remains a defendant in his individual capacity.  I deny
27 the motion in all other respects.
28

IT IS FURTHER ORDERED that plaintiff Nathan Okpoti's motion to amend the complaint **(Dkt. #38) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Nathan Okpoti's motion under Federal Rule of Civil Procedure 56(d) **(Dkt. #39) is GRANTED**.

DATED this 30th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE