**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| NATHAN OKPOTI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:15-cv-00110-APG-CWH<br><br>**ORDER (1) GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT; (2) DENYING MOTION FOR RULE 56(D) CONTINUANCE; AND (3) DENYING MOTION TO AMEND**<br><br>(DKT. #47/#55, #57, #58) |

　　　　Plaintiff Nathan Okpoti filed this lawsuit against defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer John Brandon, and the City of Las Vegas ("City"). Okpoti alleges that he suffered a stroke while driving and that Officer Brandon pulled him over and then arrested him on suspicion of driving under the influence. He further alleges Officer Brandon took him to the Las Vegas Detention Center ("LVDC"), where he remained in custody for several days and did not receive medical attention. He asserts claims under 42 U.S.C. § 1983 for (1) unreasonable seizure and failure to provide medical care and (2) failure to adequately train or supervise. He also brings a state law claim for false arrest/imprisonment.

　　　　Defendant City moves to dismiss or alternatively for summary judgment. City argues that Okpoti's claims based on an unreasonable seizure should be dismissed because the LVDC does not independently investigate whether an arrest was proper or based on probable cause. Rather, its role is to detain arrestees pending judicial determination of whether probable cause justifies continued detention. City also moves to dismiss the request for punitive damages because it contends it is immune from punitive damages.

　　　　Okpoti responds that City's motion addresses only the unreasonable detention aspect of his claims, and thus his § 1983 claims against City for denial of medical care should remain pending. Okpoti also argues that his unreasonable detention claims survive because it should

have become clear to LVDC personnel that Okpoti was not under the influence of drugs or alcohol. Rather, he was suffering a medical episode. Okpoti thus contends it should have become clear to jail personnel that he had not committed the charged offense of driving under the influence and therefore they should have released him from custody. Alternatively, Okpoti moves for a continuance under Federal Rule of Civil Procedure 56(d) or for leave to amend.

I grant City's summary judgment motion because City did not violate Okpoti's rights or detain him without legal justification. Additionally, City is immune from punitive damages. Neither discovery nor amendment would change this result so I deny Okpoti's motions to amend and for a continuance.

**I. BACKGROUND**

Okpoti alleges that on January 24, 2013, he suffered a stroke while driving his car. (Dkt. #28 at 2.) Officer Brandon stopped Okpoti for suspicion of driving under the influence. (*Id.*) Okpoti denied drinking, and he told Officer Brandon that his head hurt and his legs were weak. (*Id.* at 3.) Officer Brandon observed Okpoti's eyes were watery and glassy, his speech was incoherent, he was confused about where he was and what date it was, and he failed the field sobriety tests. (*Id.*) Officer Brandon arrested Okpoti and transported him to LVDC. (*Id.* at 4.)

Once at LVDC, Okpoti was unable to answer questions coherently or dress himself in LVDC's orange jumpsuit. (*Id.*) Okpoti contends that he was placed in a cell with another inmate who complained that Okpoti was making noises as if something was wrong but no LVDC personnel investigated. (*Id.*) Okpoti alleges that he was held at LVDC from January 24 to January 29, 2013. (*Id.*)

Okpoti further alleges that after he was released, a friend brought him food and observed that the left side of Okpoti's body was slack and that Okpoti was confused and incoherent. (*Id.* at 5.) The friend contacted Okpoti's mother, who believed Okpoti was suffering from stroke symptoms. (*Id.*) According to Okpoti, his mother took him to a hospital, where the admitting personnel were "shocked that no one during Plaintiff's experience with Defendant LVMPD noticed Plaintiff's serious medical condition." (*Id.*)

1    Okpoti asserts three claims based on these allegations.  First, he alleges a claim under 42
2    U.S.C. § 1983 against all defendants based on the allegation that they unlawfully arrested him
3    without probable cause and failed to provide him with a medical screening. (*Id.* at 5-6.)  Second,
4    he alleges a § 1983 claim against LVMPD and City for failure to adequately train or supervise
5    their employees to recognize individuals in need of medical attention. (*Id.* at 7-8.)  Finally, he
6    alleges a state law claim for false arrest/imprisonment against all defendants. (*Id.* at 9.)

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.

2000).  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Rule 56(d), if a nonmovant shows that it cannot present facts essential to justify its opposition, I may: (1) deny the motion or defer considering it, (2) allow time to obtain affidavits or declarations or to take discovery, or (3) issue any other appropriate order.  The party seeking the continuance "bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." *Harris v. Duty Free Shoppers Ltd. P'ship*, 940 F.2d 1272, 1276 (9th Cir. 1991).

**A. Section 1983 Claims Based on Unreasonable Seizure**

To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  When the constitutional claim is against an entity, like City, the plaintiff also must allege that the defendant has a policy, custom, or practice which is the moving force behind the constitutional violations. *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001).  Because Okpoti was a pretrial detainee, the right at issue in this case is a liberty interest under the Fourteenth Amendment. *Tatum v. Moody*, 768 F.3d 806, 816 (9th Cir. 2014) (quotation omitted).

A "policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975).  During this brief detention period, "a jailor need not independently investigate all uncorroborated claims of innocence if the suspect will soon have the opportunity to assert his claims in front of a judge." *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 391 (9th Cir. 2014).

However, this post-arrest detention may continue for no more than 48 hours before a judicial determination of probable cause must be obtained for detention to continue. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Gerstein*, 420 U.S. at 114.  If a judge determines probable cause exists and orders further detention, the plaintiff is "no longer held

simply on the warrant; he [is] held in custody pursuant to a court order." *Rivera*, 745 F.3d at 392 (quotation omitted). "If a suspect is held according to court order, county officials are not required to investigate whether that court order is proper." *Id.*

Nevertheless, under the Fourteenth Amendment, a detainee has "a constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Lee*, 250 F.3d at 683; *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (assuming without deciding that depending on the procedures afforded following arrest, "mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of liberty . . . without due process of law") (quotation omitted). These cases generally fall into two categories: "(1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." *Rivera*, 745 F.3d at 390-91. The "further investigation" cases generally have been mistaken identity cases involving "significant differences between the arrestee and the true suspect." *Id.* at 391. The "denied access" cases generally have involved "significant periods of deprivation." *Id.*

Okpoti's complaint fails to allege a plausible Fourteenth Amendment violation against City based on an unreasonable seizure. Okpoti alleges he was arrested based on Officer Brandon's probable cause determination and Officer Brandon delivered him to LVDC. City thus was not involved in the probable cause determination and it is not required under the law to investigate the basis for the arrest assuming prompt appearance before a judge. *Rivera*, 745 F.3d at 391-92. Okpoti does not dispute that he appeared at a probable cause hearing the next day and was ordered detained. (Dkt. #55-1 at 4; Dkt. #55-2 at 2.) Following the judge's detention order, City had no obligation to investigate whether that order was proper. *Id.* at 392.

Okpoti attempts to liken his allegations to those cases where the circumstances warranted further investigation. He argues that at some point, the jail personnel should have realized that he was not intoxicated or under the influence of drugs because eventually the effect of those substances would wear off. Yet Okpoti was detained for days and he alleges he continued to

show signs of medical distress long after the effects of alcohol would have worn off. However, Okpoti's claim is distinguishable because unlike the mistaken identity cases where further investigation was warranted, even if LVDC personnel knew Okpoti was suffering from a medical episode, that would not necessarily negate probable cause. Okpoti could have been both under the influence and suffering from a medical episode at the time of his arrest. A jailor, unlike police officers or prosecutors, does not "have a global perspective on the case and a rigorous understanding of the applicable law." *Tatum*, 768 F.3d at 818. Thus, even if LVDC personnel recognized Okpoti was suffering from a medical condition, that would not necessarily have enabled them to determine that no probable cause supported his arrest and continued detention.

I therefore grant City's summary judgment motion on Okpoti's §1983 claims to the extent they are based on an unreasonable seizure. I deny Okpoti's motions to amend and for a continuance. He does not identify what facts he would allege or what facts discovery would uncover that would alter this result. However, Okpoti's § 1983 claims against City based on failure to provide medical treatment remain pending.

### B. False Imprisonment

I grant City's summary judgment motion on Okpoti's state law false imprisonment claim for the same reasons. Under Nevada law, "false imprisonment arising from a false arrest occurs when the claimant's liberty is restrained under the probable imminence of force without any legal cause or justification." *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 48 (Nev. 2005) *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 n.6 (Nev. 2008) (emphasis omitted); *see also Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981). As discussed above, City had legal justification for detaining Okpoti based on Officer Brandon's initial probable cause determination and the judge's later probable cause determination. I therefore grant City's summary judgment motion as to this claim.

### C. Punitive Damages

City argues it is immune from punitive damages. Okpoti did not respond to this portion of City's motion. I therefore grant this portion of City's motion as unopposed. LR 7-2(d).

Moreover, City is immune from punitive damages on both the federal and state law claims. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983"); *Travelers Hotel, Ltd. v. City of Reno*, 741 P.2d 1353, 1354 (Nev. 1987) (referring to City of Reno as a political subdivision under Nevada Revised Statutes § 41.032(1) and § 41.035(1)); Nev. Rev. Stat. § 41.035(1).

### III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant City of Las Vegas's motion to dismiss or alternatively for summary judgment **(Dkt. #47/#55) is GRANTED**.  Plaintiff Nathan Okpoti's only remaining claims against defendant City of Las Vegas are his claims under 42 U.S.C. § 1983 based on the alleged failure to provide medical care.

IT IS FURTHER ORDERED that plaintiff Nathan Okpoti's motion to amend the complaint **(Dkt. #57) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Nathan Okpoti's motion for continuance under Federal Rule of Civil Procedure 56(d) **(Dkt. #58) is DENIED**.

DATED this 31st day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE